**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

CASE NO.: 4‑45/ex/357

**LEX CORTEGUERA,
KARINA CORTEGUERA, AND
BRENDA CORTEGUERA,**
       Plaintiffs,

v.

**FEDERAL EMERGENCY MANAGEMENT
AGENCY, a subdivision of the United States
Federal Government,**
       Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, the Plaintiffs, LEX CORTEGUERA, KARINA CORTEGUERA, AND BRENDA CORTEGUERA, (the "Plaintiffs"), by and through the undersigned counsel and hereby file this Complaint against the Defendant, FEDERAL EMERGENCY MANAGEMENT AGENCY, a subdivision of the United States Federal Government ("Defendant"), and as grounds therefore states as follows:

**THE PARTIES**

1. Plaintiffs are residents of Florida with their primary residence located in Collier County.

2. Defendant is a corporation organized and existing under the laws of Florida with its principal place of business in the state of Florida.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 42 U.S.C. § 4072 AND 28 U.S.C. § 1331 because this matter involves a flood insurance policy issued pursuant to 42 U.S.C. § 4001 et seq., the National Flood Insurance Act.

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1402(a) because Plaintiffs are residents of the State in which this judicial district is located withing the meaning of 28 U.S.C. § 1402(a)(1), and pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and the property that is subject of this action is situated within this judicial district, within the meaning of 28 U.S.C. § 1391(b)(2).

## BACKGROUND

5. Plaintiffs has owned the property located at 1139 Mulberry CT, Marco Island, FL 34145 (the "Property").

6. Defendant issued Standard Flood Insurance Policy No. 8706208274 (the "Flood Policy"), effective August 15, 2022 to August 15, 2023, insuring the Property; a copy of the Flood Policy Declaration's Page will be filed as Exhibit A to the Complaint.

7. The Flood Policy has a $250,000.00 limit for flood damage to the Property.

8. Plaintiffs are named insureds under the Flood Policy.

9. The Flood Policy is a contract between Defendant and Plaintiffs.

10. On or about September 28, 2022, during the Flood Policy, Plaintiffs' Property suffered physical loss and damage caused by Hurricane Ian.

11. Plaintiffs submitted a claim for coverage to Defendant under the Flood Policy, and Defendant paid Plaintiffs $16,037.30.

12. The Flood Policy contains a certain, and unfairly limited, provision regarding the time in which an insured may bring an action under the Flood Policy; and Plaintiffs are bringing this action to ensure their rights under the Flood Policy to the extent it is determined that the structural damage to the Property was caused by a flood, and not wind, and/or Defendant owes additional money to Plaintiffs under the Flood Policy.

13. Any conditions precedent under the Flood Policy have been satisfied, waived, or Defendant is estopped from denying or limiting coverage based on any alleged failure to satisfy any conditions precedent.

## COUNT I

## ACTION FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

14. Plaintiffs incorporates the allegations contained in Paragraphs 1 through 13 of the Complaint as though fully set herein.

15. An actual and justiciable controversy exits between the parties regarding Defendant's obligations under the Flood Policy, specifically as to the extent of Defendant's obligations under the Flood Policy, and whether Defendant owes additional money to Plaintiffs under the Flood Policy, and a declaratory judgment is necessary and appropriate to determine the rights and duties of the parties hereto pursuant to 28 U.S.C. § 2201(a).

## COUNT II

## BREACH OF CONTRACT

16. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 13 of the Complaint as though fully set herein.

17. At all times material hereto, Defendant directly provided insurance coverage for the Property against flood damage.

18. Defendant has made a partial payment of $16,037.30 to Plaintiffs but has failed or refused to pay full and complete compensation to Plaintiffs.

19. Defendant is in breach of the insurance contract by failing to restore Plaintiffs' property to its status before the flood damage, to the detriment of Plaintiffs.

20. As a result of Defendant's failure to perform its obligation under the insurance contract, Plaintiffs have suffered and continue to suffer loss.

**WHEREFORE**, Plaintiffs, LEX CORTEGUERA, KARINA CORTEGUERA, AND BRENDA CORTEGUERA, demand judgment against Defendant, FEDERAL EMERGENCY MANAGEMENT AGENCY, a subdivision of the United States Federal Government, for:

1. A declaration regarding the extent of Defendant's obligations under the Flood Policy, and whether Defendant owes additional money to Plaintiffs under the Flood Policy;

2. To the extent it is declared that Defendant owes additional money to Plaintiffs under the Flood Policy, then monetary damages, including compensatory, direct and consequential damages, and costs and interest; and

3. Any other such relief that this honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand a trial by jury of all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading was filed with the Clerk of Court by using the CM/ECF system which will provide notice to all attorneys of record on Wednesday, March 1, 2023.

**MOISES | GROSS PLLC**
Attorneys for Plaintiffs
999 Ponce de Leon Blvd., Suite 945
Coral Gables, FL 33134
T: (305) 306-3055
F: (305) 907-5319
Primary: service@moisesgross.com
Secondary: rnieto@moisesgross.com

 By: */s/ Jesus David Moises*
JESUS DAVID MOISES, ESQ.
Florida Bar No: 104457